IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:06-1170-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Wayne Vinson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses this motion with prejudice.

**BACKGROUND**

On November 7, 2006, Defendant was indicted for felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). On April 26, 2007, Defendant appeared before the undersigned and, pursuant to a written plea agreement, pleaded guilty to this offense.

A Presentence Report (PSR) was prepared by the United States Probation Office. On September 4, 2008, Defendant appeared for sentencing. Defendant, through counsel, filed several objections to the PSR. As is relevant to the current motion to vacate, Defendant contested the designation of two of his prior state court offenses (failure to stop for a blue light (FTSBL)) as predicate offenses under § 924(e), the Armed Career Criminal Act (ACCA). Defendant did not contest in any manner other state court convictions which also were considered predicate offenses under the ACCA. After ruling on Defendant's objections and considering his motion for a variance, Defendant was sentenced to 210 months' imprisonment.

Defendant filed an appeal to the Fourth Circuit Court of Appeals. On August 13, 2009, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Vinson*, 340 F. App'x 882 (4th Cir. 2009). Defendant filed a petition for writ of certiorari to the United States Supreme Court, which was denied January 19, 2010. *United States v. Vinson*, 130 S. Ct. 1160 (2010). Defendant thereafter filed the current motion for relief in this court on December 10, 2010.[1]

**STANDARD**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 689-91. The purpose of ineffectiveness review is not to grade counsel's performance. *See Id*. at 697. This principle recognizes that "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id*. at 693. Thus, in conducting any review of attorney performance, a court must deal with the obvious

---

[1]All of documents included in the motion are dated December 15, 2010. However, the material was received for filing on December 10, 2010.

point that in every case, counsel could have done something more or something different. Omissions are inevitable. The issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled." *Burger v. Kemp*, 483 U.S. 776, 794 (1987). "The test . . . is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what they did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (citations omitted).

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751; *see also Smith v. South Carolina*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance

of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

### DISCUSSION

Defendant raises several claims relating to alleged ineffectiveness of trial, sentencing, and appellate counsel. The Government has responded in opposition, providing affidavits of sentencing and appellate counsel.

Defendant contends that trial counsel was ineffective in failing to raise an alleged Speedy Trial Act violation and in failing to argue that the Indictment was defective.

Both of these assertions are frivolous. Defendant consented to and signed both requests for continuance, and his averment now that his signature was forged by counsel is not credible. *See* Declaration in Support at 1 (Dkt. #142-2, filed Apr. 28, 2011). His signature on the continuance motions is identical to his signature on the current motion for relief. As to Defendant's contention that the Indictment was defective, the original Indictment, returned by the grand jury and signed by both the United States Attorney and the Grand Jury Foreperson, is filed in the record of this matter. *See* Indictment, Dkt. #1 (filed Nov. 7, 2006).[2]

Defendant next contends that sentencing counsel was ineffective in: failing to challenge the use of certain qualifying prior state convictions as predicate offenses under the ACCA; failing to move to correct an alleged error in Defendant's criminal history point calculation; failing to raise Defendant's substance abuse problem as a mitigating circumstance, and; failing to argue that Defendant's prior State of South Carolina conviction for pointing and presenting a firearm no longer qualified as a "violent felony" after *Begay*.

Defendant first maintains that counsel was ineffective in failing to challenge the use of two

---

[2]Conformed copies of indictments (containing "s/" typed signatures) are provided to Defendants, counsel and the public.

PWID convictions as predicate offenses under the ACCA.  Defendant contends that his civil rights (including his right to possess a firearm) had automatically been restored at the expiration of his state sentences, and therefore these convictions could not be counted as qualifying predicate offenses under the ACCA.  The Government argues that the cases cited by Defendant (*United States v. O'Neal*, 180 F.3d 115 (4th Cir. 1999), and *United States v. Jennings*, 323 F.3d 263 (4th Cir. 2003)), are inapplicable, and that Defendant has failed to establish that his counsel was in any way ineffective in failing to challenge the use of Defendant's PWID convictions on this ground.

To determine whether Defendant's right to possess a firearm was restored upon discharge of his sentence, this court must examine the whole of South Carolina law.  *United States v. McLean*, 904 F.2d 216, 218 (4th Cir. 1990).  South Carolina automatically restores the right to register to vote and the right to vote upon discharge of a sentence.  *See* S.C. Code Ann. § 7-5-120(B)(2).  However, other South Carolina civil rights, including the right to gun possession and/or ownership, are restored via a pardon obtained from the South Carolina Department of Probation, Parole, and Pardon Services.  *Brunson v. Stewart*, 547 S.E.2d 504 (S.C. Ct. App. 2001); S.C. Code Ann. § 24-21-930.  Defendant provides no authority, other than the cases cited above, for the proposition that any right other than the right to register to vote and to vote is automatically restored.  The cited cases do not support Defendant's argument, as there is no binding discussion or decision holding that all South Carolina civil rights are restored upon the discharge of a sentence.  Therefore, Defendant cannot establish counsel was ineffective, and this claim fails.

Defendant next maintains counsel was ineffective in failing to challenge the use of an alleged "uncounseled" conviction from 1988 as a qualifying predicate offense under the ACCA. Defendant asserts that he told both his sentencing and appellate counsel that "I was not represented by counsel at my 1988 drug conviction . . . sentencing hearing, which is a constitutional violation."  Decl. of

5

Wayne Vinson at 1.  Attorney Robert Hallman submitted an affidavit in opposition to Defendant's

motion, to which he attached a copy of the cover sheet of the state court indictment indicating that

Defendant was represented by "Ford."  Dkt. #139-4 (filed Mar. 31, 2011).  Additionally, Hallman

avers that Defendant sent him a letter regarding this prior drug conviction wherein Defendant states

"I didn't know the law and took the advise [sic] of my attorney at the time."  Hallman Aff. at 4.

Defendant contends in response that "I have no idea[] who this is nor does it [the indictment cover

sheet] state . . . Ford represented me during my sentencing hearing."  Decl. at 1.

        A defendant may collaterally attack prior convictions used to enhance his sentence under the

Sentencing Guidelines if the prior convictions were obtained in violation of the right to counsel.

*Custis v. United States*, 511 U.S. 485, 487 (1994).  However, "[t]here is a presumption of regularity

of prior convictions used for purposes of enhancing a sentence."  *United States v. Krejcarek*, 453

F.3d 1290, 1297 (10th Cir. 2006) (internal quotation marks omitted).  "Self-serving statements by

a defendant that his conviction was constitutionally infirm are insufficient to overcome the

presumption of regularity accorded prior convictions."  *Id*. at 1297-98.  The defendant also bears the

burden of showing by a preponderance of the evidence that a prior conviction was invalid.  *United*

*States v. Jones*, 977 F.2d 105, 109 (4th Cir. 1992).

        South Carolina courts are required by statute to advise defendants of their constitutional right

to counsel and provide them with counsel unless the defendant voluntarily and intelligently waives

his right.  S.C.Code Ann. § 17-3-10.  Standing on its own, Defendant's self-serving assertion, when

considered with the documentary evidence and Hallman's averment relating to Defendant's earlier

written statement to him, does not establish by preponderance of the evidence that Defendant was

convicted either without counsel or without voluntarily and intelligently waiving his right to counsel.

Therefore, Defendant fails to establish his counsel was ineffective, and this claim also fails.

6

As to Defendant's remaining claims relating to the alleged ineffectiveness of his sentencing

and appellate counsel, for the reasons stated by the Government in its Memorandum in Support of

the Motion for Summary Judgment, which this court finds to be correct and adopts, Defendant is not

entitled to relief.[3]

**CONCLUSION**

For the reasons noted above, the Government's motion for summary judgment is **granted**.

Defendant's motion for relief under 28 U.S.C. § 2255 is **dismissed with prejudice**.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a
substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues
satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability

has not been met.  Therefore, a certificate of appealability is **denied**.

---

[3]Defendant includes a "Substantive Claim/Standard" assertion that he is actually innocent
of being an armed career criminal.  The court does not separately address this issue, as it appears to
be a summary of the claims and arguments presented relating to his alleged ineffective of counsel
claims.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 18, 2011