IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:06-1170-CMC |
| v. | **OPINION and ORDER** |
| Wayne Vinson, | |
| Defendant. | |

This matter is before the court on Defendant's Motion for reconsideration pursuant to Rule 59(e). Dkt. #146 (filed Aug. 5, 2011). The Government has not responded to Defendant's motion.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Defendant does not seek to reopen the judgment based upon either of the first two circumstances noted above. Therefore, it appears Defendant seeks to reopen the judgment to prevent alleged manifest injustice.

Defendant presents the same contention as was presented in his § 2255 motion; namely, that he did not have counsel during a prior state court conviction and that an evidentiary hearing is required in this matter. Defendant's argument is an attempt at providing "one additional chance to sway the judge." *Atkins*, 130 F.R.D. at 626. motion is, therefore, **denied**.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON McGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 25, 2011