IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:06-1170-CMC |
| v. | |
| Wayne Vinson, | OPINION and ORDER |
| Defendant. | |

This matter is before the court on Defendant's January 11, 2016 letter regarding certain prior convictions listed in his Presentence Report (PSR) as predicate crimes under the Armed Career Criminal Act (ACCA). ECF No. 167. Defendant indicates that he "need[s] both these predicate convictions officially removed and not counted as violent predicate convictions." Let. at 1.

Defendant's letter is, in reality, a challenge to his previously-imposed sentence and is therefore a second or successive motion for relief under 28 U.S.C. § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the

Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion with a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Accordingly, to the extent Defendant's letter is construed as a motion seeking relief from this court, it is dismissed as this court is without jurisdiction to entertain it.[1]

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

---

[1] For a discussion of whether the South Carolina offense of pointing or presenting a firearm, in violation of S.C. Code § 16-23-410, qualifies as a force offense under the ACCA, Defendant's attention is directed to United States v. King, 673 F.3d 274 (4th Cir. 2012) and Reyes-Soto v. Lynch, 808 F.3d 369 (8th Cir. 2015).

2

676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 28, 2016

3