IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:06-1170-CMC |
|---|---|
| v. | |
| Wayne Vinson, | OPINION and ORDER |
| Defendant. | |

This matter is before the court on Defendant's pro se motion to "Correct Clerical Error and Sentence" pursuant to Fed. R. Crim. P. 36. ECF No. 176. Defendant argues his PreSentence Report ("PSR") is incorrect where it states "attorney representation unknown" for his 1988 conviction for possession with intent to distribute cocaine, and he has documentation this is incorrect. *Id.* at 2. He further contends his previous convictions for ABHAN and his South Carolina drug convictions cannot be considered predicate offenses for purposes of the Armed Career Criminal Act, and he "is no longer subject to the ACCA." *Id.* at 4.

Defendant previously sought permission to file a successive § 2255 motion challenging his ACCA predicates and the issue of counsel for his 1988 PWID conviction. The Fourth Circuit denied permission, because "at least three of Vinson's prior convictions remain predicate offenses under 18 U.S.C. § 924(e) after the retroactive application of *Johnson*." *In re: Wayne Vinson*, No. 16-9119 at ECF No. 11.

Defendant's motion is, in reality, either a motion under 28 U.S.C. §2241 or another challenge to his previously-imposed sentence and is therefore a second or successive motion for relief under 28 U.S.C. § 2255. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").

The requirement of filing a motion with a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, to the extent this motion can be construed as one under § 2255, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to its filing means the court is without jurisdiction to consider it.

Section 2241 provides an avenue for a defendant to challenge his conviction if § 2255 is inadequate and ineffective to test the legality of his sentence, provided:

> at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; 2) subsequent to the prisoner's direct appeal and first §2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; 3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and 4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). However, Defendant is unable to satisfy the requirements of the *Wheeler* test in this case. While some law regarding Defendant's ACCA status may have changed, Defendant still has three convictions qualifying him for ACCA status: his two drug convictions and the pointing and presenting conviction. The law holding these convictions ACCA predicate offenses remains intact. *See United States v. Furlow*, 928 F.3d 311 (4th Cir. 2019); *United States v. King*, 673 F.3d 274 (4th Cir. 2012). Therefore, Defendant's sentence does not present a grave error deemed a fundamental defect.

Accordingly, Defendant's motion is dismissed as this court is without jurisdiction to entertain it or, in the alternative, denied.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 2, 2019